UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JONATHAN MULLANE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-12618 |
| | ) | |
| FEDERICO A. MORENO and | ) | |
| BREAKING MEDIA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**THE UNITED STATES OF AMERICA'S MEMORANDUM
OF LAW IN SUPPORT OF IT MOTION TO DISMISS ALL CLAIMS
<u>ASSERTED AGAINST IT FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

ANDREW E. LELLING
United States Attorney

JASON C. WEIDA
Assistant U.S. Attorney

United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, Massachusetts  02210
(617) 748-3180
Jason.Weida@usdoj.gov

Dated:  December 20, 2018          *Counsel for the United States of America*

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

STANDARD OF REVIEW .................................................................................................. 3

ARGUMENT ....................................................................................................................... 4

I.  ALL CLAIMS AGAINST THE UNITED STATES MUST
    BE DISMISSED FOR LACK OF JURISDICTION BECAUSE
    PLAINTIFF HAS NOT PRESENTED, LET ALONE EXHAUSTED, AN
    ADMINISTRATIVE CLAIM UNDER THE FEDERAL TORT CLAIMS ACT ............. 4

II. ALL CLAIMS AGAINST THE UNITED STATES
    MUST BE DISMISSED FOR LACK OF JURISDICTION
    BASED ON THE DOCTRINE OF SOVEREIGN IMMUNITY. ..................................... 5

III. ALL CLAIMS AGAINST THE UNITED STATES
     MUST BE DISMISSED FOR LACK OF JURISDICTION
     BASED ON THE DOCTRINE OF JUDICIAL IMMUNITY ........................................... 7

CONCLUSION .................................................................................................................... 9

The United States of America (the "United States") respectfully submits this memorandum of law in support of its motion to dismiss all claims asserted against it by virtue of its *Westfall* Act substitution in *pro se* Plaintiff Jonathan Mullane's ("Plaintiff") Complaint (Doc. # 1.1) for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## **INTRODUCTION**

Plaintiff, a former law student intern at the U.S. Attorney's Office for the Southern District of Florida, drew the ire of a federal judge by accessing chambers based on his internship so he could have *ex parte* communications with chambers staff about a personal *pro se* lawsuit Plaintiff had filed that was unrelated to his internship. The judge, the Hon. Federico A. Moreno ("Judge Moreno"), called a hearing in the *pro se* matter to chastise Plaintiff for conduct unbefitting a law student who had the privilege—and, along with it, certain responsibilities—of interning at the U.S. Attorney's Office. Judge Moreno also telephoned the Acting U.S. Attorney to express his displeasure that an intern had abused his position in connection with a personal lawsuit. After the internship, Plaintiff returned home to Massachusetts and sued Judge Moreno in Massachusetts state court, along with the media outlet, Breaking Media, Inc. (the parent company of abovethelaw.com), that had reported on those events. Under the Federal Tort Claims Act ("FTCA"), the United States removed the case to this Court and moved to substitute itself for all claims against Judge Moreno. Those claims, now properly against the United States, must be dismissed for lack of jurisdiction for multiple independent reasons. *First*, Plaintiff never presented, let alone exhausted, any claims with any federal agency, statutorily requiring dismissal. 28 U.S.C. § 2675(a). *Second*, even if he had, the FTCA preserves sovereign immunity for each of Plaintiff's claims, requiring dismissal *with prejudice*. *Id.* § 2680(h). *Lastly*, if any of Plaintiff's claims somehow were to survive those two arguments (and none can), they must be dismissed based on the doctrine of judicial immunity. *Id.* § 2674.

## **BACKGROUND**[1]

The numerous claims against the parties in this case revolve around three related incidents. The first is the hearing that took place in Plaintiff's personal *pro se* matter against one of his banks, captioned *Mullane v. Barclays Bank Delaware, Inc.*, No. 18-20596 (S.D. Fla.) (Moreno, J.). Plaintiff alleges that, in that case, the Judge Moreno demonstrated "animosity and ill will toward Plaintiff, as proven by the April 2018 hearing transcript," which is attached as Exhibit A to the Complaint. Doc. # 1.1 [hereinafter, "Compl."] ¶ 23; *see also id.* ¶¶ 39-42, 131, 180, 183. The second is the telephone call between Judge Moreno and Benjamin G. Greenberg, the Acting U.S. Attorney for the Southern District of Florida. Plaintiff alleges that, during the telephone call, Judge Moreno "knowingly slandered Plaintiff," *id.* ¶ 28, "knowingly interfered with [his] USAO employment contract," *id.* ¶ 14, and "abused his power and authority as a federal judge." *Id.* ¶ 40. The third is the posting (published on abovethelaw.com) reporting on the April 2018 hearing, titled *Judge Detonates Pro Se Law Student So Hard I Now Must Defend A Dumb Kid*, attached as Exhibit B to the Complaint. *Id.* ¶¶ 53-54. Plaintiff alleges that the posting is defamatory and, moreover, that both the publisher and Judge Moreno are "jointly and severally liable" for "their defamatory representations." *Id.* ¶ 191-93.

On November 27, 2018, Plaintiff commenced this action by filing the Complaint in Massachusetts state court. It asserts nine counts in total, including seven against Judge Moreno. Those seven counts include Count II (slander), *id.* ¶¶ 122-34, Count III (tortious interference with contractual relations), *id.* ¶¶ 135-42, Count IV (tortious interference with business relations), *id.* ¶¶ 143-51, Count V (tortious interference with economic advantages), *id.* ¶¶ 152-61, Count VI

---

[1] The United States assumes the facts alleged in the Complaint to be true only for purposes of this motion to dismiss and reserves the right to contest the facts at any later stage of the proceedings.

(intentional infliction of emotional distress), *id.* ¶¶ 162-60, Count VIII (promissory estoppel), *id.* ¶¶ 179-85, and Count IX (joint and several liability).  *Id.* ¶¶ 186-93.

On December 20, 2018, the United States removed the case to federal court under the *Westfall* Act's removal statute (Doc. # 1), moved to substitute itself for all claims against Judge Moreno under the *Westfall* Act's substitution provision (Doc. # 2), and filed this motion to dismiss for lack of jurisdiction all claims against the United States by virtue of its substitution.

## STANDARD OF REVIEW

A case may be dismissed for lack of subject matter at any time, on motion or otherwise.  Fed. R. Civ. P. 12(h)(3).  Because federal courts are considered courts of limited jurisdiction, "federal jurisdiction is never presumed."  *Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir. 1998).  Rather, "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'"  *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1st Cir. 1993)).  "Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction."  *Excel Home Care, Inc. v. U.S. Dep't of Health & Human Servs.*, 316 B.R. 565, 567 (D. Mass. 2004).  "In ruling on a motion to dismiss for lack of jurisdiction, 'the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff.'"  *Id.* at 568 (quoting *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)).  "That is not to say that this leniency eliminates the plaintiff's burden of proving an appropriate jurisdictional basis.  Indeed, a plaintiff cannot assert a proper jurisdictional basis 'merely on unsupported conclusions or interpretations of law.'"  *Id.* (quoting *Murphy,* 45 F.3d at 522).

## ARGUMENT

I. **ALL CLAIMS AGAINST THE UNITED STATES MUST BE DISMISSED FOR LACK OF JURISDICTION BECAUSE PLAINTIFF HAS NOT PRESENTED, LET ALONE EXHAUSTED, AN ADMINISTRATIVE CLAIM UNDER THE FEDERAL TORT CLAIMS ACT.**

First and foremost, all claims against the United States must be dismissed for lack of jurisdiction because Plaintiff never presented (or exhausted) an administrative claim. Before filing a tort claim in federal court, a claimant must first present and exhaust an administrative claim with the appropriate federal agency: "An action *shall not be instituted* upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a) (emphasis supplied). The objective of exhaustion requirements is "to ensure that 'meritorious claims can be settled more quickly without the need for filing suit and possible expensive and time-consuming litigation.'" *Estate of Barrett v. United States*, 462 F.3d 28, 36 (1st Cir. 2006) (quoting *Pascale v. United States*, 998 F.2d 186, 188 (3d Cir. 1993)). A claimant's failure to exhaust vitiates the FTCA's waiver of sovereign immunity and deprives the court of subject matter jurisdiction. *Id.* at 36-37; *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

It is long settled that the failure completely to exhaust an FTCA claim *requires* dismissal. In *McNeil*, the Supreme Court squarely rejected the practice of permitting "a prematurely filed FTCA action to proceed if no substantial progress has taken place in the litigation before the administrative remedies are exhausted." 508 U.S. at 110. Looking at the unambiguous language of § 2675(a), the Court reasoned that complete exhaustion was required before filing suit:

> [T]he normal interpretation of the word "institute" is synonymous with the words "begin" and "commence." The most natural reading of the statute indicates that Congress intended to require complete

4

> exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*McNeil*, 508 U.S. at 112. Because the claimant exhausted his claim only after filing suit, the Court affirmed dismissal for lack of subject matter jurisdiction. *Id.* at 113.

Here, Plaintiff never presented—let alone exhausted—a claim against the United States. The Administrative Office of U.S. Courts (the "AO"), which is the agency responsible for adjudicating tort claims against federal judges, has no record of ever receiving any such claims involving Judge Moreno. The first time the AO learned of such claims was when the Judge Moreno forwarded Plaintiff's Complaint in this lawsuit. Because Plaintiff cannot assert claims against the United States until those claims have been presented to the AO and then fully exhausted, all claims against the United States must be dismissed for lack of jurisdiction. *E.g.*, 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113; *Estate of Barrett*, 462 F.3d at 36-41.

II. **ALL CLAIMS AGAINST THE UNITED STATES MUST BE DISMISSED FOR LACK OF JURISDICTION BASED ON THE DOCTRINE OF SOVEREIGN IMMUNITY.**

While dismissals for failure to present typically are without prejudice, any presentment here would be futile because Plaintiff's claims are barred by the doctrine of sovereign immunity, requiring dismissal *with prejudice*. Like other branches of government, the judicial branch enjoys sovereign immunity absent a waiver. *See* 28 U.S.C. § 2671 ("employee of the government" includes "officers or employees of any federal agency" and "federal agency" includes "the judicial and legislative branches"); *Tsitrin v. Jacobs*, No. 1201411, 2012 WL 1267982, at *3 n.6 (S.D.N.Y. Apr. 10, 2012) (federal judges immune absent waiver). As relevant to this tort case, the FTCA provides a limited waiver of sovereign immunity, *see* 28 U.S.C. §§ 1346(b)(1), 2674, but expressly

preserves immunity for several categories of claims. *See* 28 U.S.C. § 2680. Among those claims for which immunity is preserved include "libel, slander, misrepresentation, deceit, or interference with contract rights." *Id.* § 2680(h). In other words, absent exceptions not applicable here, the United States is immune from all claims listed above in § 2680(h). *E.g.*, *Ruiz-Rivera v. I.R.S.*, 93 F. App'x 244, 246 (1st Cir. 2004).

In this case, Plaintiff's claims against the United States fall within the scope of § 2680(h). Most of those claims (*i.e.*, Counts II, III, IV, V, and IX) are listed verbatim or nearly so in the text of § 2680(h). Unquestionably, those claims are barred under the doctrine of sovereign immunity. *E.g.*, *Ruiz-Rivera*, 93 F. App'x at 246. The remaining claims (*i.e.*, Counts VI and VIII), although they bear titles not listed in § 2680(h), are still predicated on assertions of wrongdoing that are preserved under § 2680(h) and therefore are also barred under the doctrine of sovereign immunity. *See, e.g.*, *Bateman v. F.D.I.C.*, 112 F. Supp. 2d 89, 93 (D. Mass. 2000) (dismissing claim, even though the plaintiff contended that it was a negligence claim, because it was predicated on a misrepresentation, which was barred under § 2680(h)). *Accord Davis v. United States*, 961 F.2d 53, 56 (5th Cir. 1991) (affirming dismissal of claims under § 2680(h) because, even though styled as negligence claims, those claims were predicated on contractual interference); *F.D.I.C. v. diStefano*, 839 F. Supp. 110, 122 (D.R.I. 1993) (similar).

Thus, because all of Plaintiff's claims against the United States fall within the scope of § 2680(h), the Court lacks jurisdiction over those claims, requiring dismissal with prejudice. *E.g.*, *United States v. Smith*, 499 U.S. 160, 166 (1991) (FTCA provides "the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability").

## III. ALL CLAIMS AGAINST THE UNITED STATES MUST BE DISMISSED FOR LACK OF JURISDICTION BASED ON THE DOCTRINE OF JUDICIAL IMMUNITY.

If any claims against the United States survive both of the above arguments (none can), they must be dismissed for lack of jurisdiction based on the doctrine of judicial immunity. *See* 28 U.S.C. § 2674 ("the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim").

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). That immunity secures a "general principle of the highest importance to the proper administration of justice": ensuring that a "judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself," *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871), and "without harassment or intimidation" in those "controversies sufficiently intense to erupt in litigation," *Butz v Economou*, 438 U.S. 478, 512 (1978). Thus, absolute immunity endures even if the judge "acted maliciously and corruptly" in exercising his judicial functions. *Wang v. New Hampshire Bd. of Registration in Med.*, 55 F.3d 698, 702 (1st Cir. 1995). It likewise endures "in the presence of 'grave procedural errors.'" *Nystedt v. Nigro*, 700 F.3d 25, 32 (1st Cir. 2012) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)).

"An inquiry into the existence vel non of judicial immunity encompasses three questions." *Goldstein v. Galvin*, 719 F.3d 16, 25 (1st Cir. 2013). "First, we ask whether the defendant carries out traditional adjudicatory functions." *Id.* "If so, we ask whether the defendant is called upon to decide cases that are 'sufficiently controversial that, in the absence of absolute immunity, he would be subject to numerous damages actions.'" *Id.* (quoting *Bettencourt v. Bd. of Registration In Med.*

7

*of Com. of Mass.*, 904 F.2d 772, 783 (1st Cir. 1990)).  "If the answers to these two queries are affirmative, we then ask whether the defendant performs his adjudicatory functions 'against a backdrop of multiple safeguards designed to protect [the plaintiff's] constitutional rights.'"  *Id.* (quoting *Bettencourt*, 904 F.2d at 783).

There is no question that those criteria are satisfied in cases involving sitting federal judges.  Nor is there any serious question that the assertions of wrongdoing in this case, relative to the United States, arose out of the Judge Moreno's role as a judge and thus constitute "judicial acts" subject to judicial immunity.  *See Stump*, 435 U.S. at 362 (acts are "judicial" when they are "normally performed by a judge").  A judge's acts during a court hearing in a case assigned to him are quintessential "judicial acts."  *See, e.g., Carroway v. New Jersey*, 202 F. App'x 564, 565 (3d Cir. 2006) (hearings).  But a judge need not be wearing a robe with a gavel in his hand for his acts to be judicial in nature; a universe of other appropriate acts may qualify for immunity as well.  Thus, a judge's telephone calls involving matters in a case assigned to him also may be, and in multiple cases have been found to be, "judicial acts."  *See, e.g.*, *Dellenbach v. Letsinger*, 889 F.2d 755, 760 (7th Cir. 1989) (telephone calls); *Finn v. Cty. of Albany*, No. 98-844, 1999 WL 291820, at *4 (N.D.N.Y. May 5, 1999) (same).  Such is the case here, where Judge Moreno's telephone call pertained to the conduct of a litigant in a case assigned to him.  Judges should be able to communicate in that way without fear of personal vendettas, especially when the matter involves perceived misconduct by a representative of the U.S. Attorney's Office.  As courts in this district have done many times in recent years,[2] this Court should dismiss Plaintiff's claims against the United States based on the doctrine of judicial immunity, with prejudice.

---

[2] *E.g.*, *Feldman v. Woodlock*, No. 14-12279, 2014 WL 7188923, at *3-4 (D. Mass. Dec. 17, 2014), *aff'd* (Jan. 20, 2016); *Johnson v. U.S. Judges*, No. 14-11273, 2014 WL 3109962, at *3 (D. Mass. July 7, 2014); *Aldrich v. Young*, No. 13-10466, 2013 WL 3802436, at *7-8 (D. Mass.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that the Court grant this motion in its entirety and dismiss Counts II, III, IV, V, VI, VIII, and IX as to the Unites States with prejudice.

Dated:  December 20, 2018                                   Respectfully submitted,

                                                            THE UNITED STATES OF AMERICA

                                                            By its attorney,

                                                            ANDREW E. LELLING
                                                            United States Attorney

                                            By:     */s/ Jason C. Weida*
                                                    Jason C. Weida (BBO No. 663097)
                                                    Assistant U.S. Attorney
                                                    United States Attorney's Office
                                                    1 Courthouse Way, Suite 9200
                                                    Boston, Massachusetts  02210
                                                    (617) 748-3100
                                                    Jason.Weida@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on December 20, 2018, this document was served by first class mail, postage prepaid, upon the *pro se* plaintiff and co-defendant's counsel at the following addresses:

Jonathan Mullane (*pro se* Plaintiff)
60 Clyde Street, Unit #1
Somerville, Massachusetts  02145

J. Mark Dickison (Counsel for Breaking Media, Inc.)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, Massachusetts  02210

                                            */s/ Jason C. Weida*
                                            Jason C. Weida
                                            Assistant U.S. Attorney

---

July 18, 2013); *Okereke v. Wood*, No. 10-11154, 2013 WL 697059, at *2 (D. Mass. Feb. 24, 2013); *McLarnon v. United States*, No. 09-10049, 2009 WL 1395462, at *3 (D. Mass. May 19, 2009).

9