UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JONATHAN MULLANE, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 18-12618-PBS |
| FEDERICO A. MORENO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S VERIFIED MOTION TO DISQUALIFY COUNSEL OF RECORD FOR DEFENDANTS MORENO AND LEHR

June 21, 2019

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is before the court on "Plaintiff's Verified Motion to Disqualify Counsel of Record for Defendants Federico A. Moreno and Alison W. Lehr Pursuant to 28 C.F.R. 50.15(b)." (Docket No. 97). Therein, Plaintiff contends that representation of Defendants Moreno and Lehr by the United States Attorney's Office ("USAO") is prohibited under 28 C.F.R. § 50.15(b), arguing that Defendants' alleged conduct took place outside the scope of their federal employment and that the expenditure of taxpayer dollars for such representation is against the interests of the United States. After careful consideration of the parties' written submissions and the record, the motion is DENIED. As discussed more fully below, determinations as to whether an individual is acting within the scope of his or her federal employment, and whether providing him or her with representation would be within the interests of the United States,

pursuant to 28 C.F.R. § 50.15(b), are left to the discretion of the Department of Justice ("DOJ"), and this court finds no basis to disturb the DOJ's exercise of its discretion.

## II. STATEMENT OF FACTS

This court summarizes the relevant facts as alleged in the Plaintiff's Second Amended Complaint. (Docket No. 57 ("SAC")). In 2018, the Plaintiff, Jonathan Mullane, then a law student at the University of Miami Law School, interned with the USAO in Miami. (See SAC ¶¶ 8, 125). At the time, Plaintiff was also a party in a civil action that was before Defendant Moreno, a federal judge for the United States District Court for the Southern District of Florida. (See id. ¶¶ 10, 31).

While a USAO intern, Plaintiff went to Defendant Moreno's chambers to obtain copies of the record in his civil suit. (See id. ¶ 90). Following Plaintiff's visit to Defendant Moreno's chambers, Defendant Moreno allegedly spoke with acting United States Attorney Benjamin C. Greenberg ("U.S. Attorney Greenberg"). (Id. ¶ 15). During a telephone call with U.S. Attorney Greenberg, Defendant Moreno allegedly stated that Plaintiff had "pretended" that he had been sent by the United States government in order to "deceptively" obtain copies of the record in his civil suit from Defendant Moreno's clerk. (Id. ¶¶ 15-17, 31). Plaintiff further alleges that Defendant Moreno accused him of violating 18 U.S.C. § 912, which prohibits the impersonation of an officer or employee acting under the authority of the United States. (Id. ¶ 30). Plaintiff alleges that Defendant Moreno's accusation of criminal conduct is both erroneous and malicious. (Id.).

Defendant Moreno then held a hearing on the Plaintiff's civil suit, during which Defendant Moreno questioned Plaintiff about the visit to his chambers and Plaintiff's conversation

with the clerk.  (See id. ¶ 52; see generally id. Ex. A).  During the hearing, Defendant Moreno accused Plaintiff of "gross and absolute misconduct."  (Id. Ex. A at 18).  Defendant Moreno's claims caused the USAO to sever its employment agreement with Plaintiff.  (Id. ¶ 17). The United States Securities and Exchange Commission ("SEC"), with which Plaintiff had secured a future internship, later rescinded its employment offer after parts of the hearing transcript were published online on the website "Above the Law."  (See id. ¶¶ 9, 112-13).  Plaintiff alleges Defendant Moreno acted outside the scope of his professional authority by willfully and knowingly interfering with Plaintiff's respective employment agreements with the USAO and SEC.  (Id. ¶¶ 10-11).[1]

Defendant Lehr is an attorney for the USAO in Miami.  (Id. ¶ 45).  Defendant Lehr served as Plaintiff's supervisor while he was an intern.  (Id. Ex. A at 18).  Plaintiff alleges Defendant Moreno unlawfully demanded Plaintiff's timesheets from Defendant Lehr, and that Defendant Lehr unlawfully complied with the request, transmitting Plaintiff's employment records without Plaintiff's consent.  (Id. ¶ 40-41).

Plaintiff subsequently filed suit, asserting numerous common law tort claims and state statutory claims against Defendants, as well as a Bivens claim.

The DOJ has chosen to provide legal representation for both Defendants Moreno and Lehr.[2]

---

[1] Plaintiff also alleges that he withdrew from the University of Miami School of Law as a result.  (See SAC ¶ 125).

[2] While Plaintiff complains that these appearances are "limited," such a limited appearance is appropriate where, as here, the Defendants are challenging the jurisdiction of this court over them.  See Trans-Asiatic Oil Ltd., S.A. v. Apex Oil Co., 804 F.2d 773, 779 (1st Cir. 1986) ("appellee's initial entry of a restricted appearance manifested its lack of consent to personal jurisdiction").

### III. **ANALYSIS**

Pursuant to 28 C.F.R. § 50.15(a), the DOJ may represent federal employees who have been sued in their individual capacity "when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States."  Such representation is unavailable when the employee's alleged conduct does not reasonably appear to have occurred within the scope of his or her federal employment or when the DOJ otherwise determines that providing such representation does not serve the United States's interests.  28 C.F.R. § 50.15(b)(1),(2).  Plaintiff asserts that both of these conditions prohibit the DOJ from providing representation to Defendants Moreno and Lehr.

Motions to disqualify are sometimes used as a procedural tactic to harass opposing counsel, and care must be taken that such motions are not being "invoked by opposing parties as procedural weapons."  See Kevlik v. Goldstein, 724 F.2d 844, 848 (1st Cir. 1984) (internal quotations and citation omitted) (affirming disqualification of private counsel for ethics violation after finding no improper motive behind the motion); see also Eaves v. City of Worcester, C.A. No. 12-10336-TSH, 2012 WL 6196012, at *2 (D. Mass. Dec. 11, 2012) (noting motions to disqualify are generally disfavored by courts because they can be used as procedural weapons).  Further, motions to disqualify "must be considered in light of the principle that courts should not lightly interrupt the relationship between lawyer and client, and unless the underlying judicial process will be tainted by an attorney's conduct, courts should be reluctant to grant disqualification motions."  Id. (internal quotations, punctuation and citations omitted).

Thus, disqualification of counsel is considered a "drastic remedy" that should only be used as a last resort. See United States v. Joyce, 311 F. Supp. 3d 398, 403-04 (D. Mass. 2018) (analyzing the standard of review for attorney disqualification in a criminal trial).

### Reviewability of DOJ's Decision to Provide Representation

The First Circuit has not yet opined on the reviewability of the DOJ's decision to represent a federal employee sued in his or her individual capacity. Other circuits have reached conflicting conclusions as to reviewability. Compare Hall v. Clinton, 285 F.3d 74, 79 (D.C. Cir. 2002) (holding DOJ decision to provide representation reviewable by courts), with Walls v. Holland, No. 98-6506, 1999 WL 993765, at *2 (6th Cir. Oct. 18, 1999) (unpublished) (holding decision to provide representation "solely within the discretion" of the DOJ and not subject to review by the court); Payne v. Elie, No. CIV 11-486-TUC-CKJ, 2012 WL 748285, at *1 (D. Ariz. Mar. 7, 2012) ("The DOJ has unreviewable authority to decide whether to represent a federal employee."). Even where the decision is deemed reviewable, great deference is given to the DOJ's decision. See Hall, 285 F.3d at 79-80 ("[t]he statute plainly confers upon the Attorney General broad discretion in his decision to dispatch government lawyers"). Similarly, even among courts that have not directly addressed the issue of reviewability, they have deferred to the discretion of the Attorney General. See Rodriguez v. Shulman, 843 F. Supp. 2d 96, 100 (D.D.C. 2012) ("the language of the regulation makes clear it is for the Government to determine whether federal employees should receive representation"); see also Al-Tamimi v. Adelson, Civ. A. No. 16–cv–445 (TSC), 2016 WL 10655512, at *1 (D.D.C. Dec. 15, 2016) (it is "within the Attorney General's judgment and discretion, not this court's," to decide if a federal employee should be represented, and court will defer to the Attorney General's "discretionary

authority"); cf. Crooker v. United States, C.A. No. 08–10149–PBS, 2010 WL 3860597, at *7 (D. Mass. Sept. 29, 2010) (holding that the Attorney General has "broad discretion" to use government lawyers).

### Scope of Federal Employment

While § 50.15(b)(1) prohibits the DOJ from providing representation to a federal employee when the conduct at issue does not reasonably appear to have been performed within the scope of the employee's federal employment, the language of the regulation provides no guidelines for the court to use to evaluate the propriety of that determination. See Payne, 2012 WL 748285, at *1 (holding that court cannot review DOJ's decision to provide representation to federal employees and thus deferring to DOJ's discretion because the regulation lacks guidelines for the court to use).  Rather, the regulation merely provides that "it is within the Attorney General's judgement and discretion" to make these determinations.  Al-Tamimi, WL 10655512, at *1.  While Plaintiff argues that Defendants Moreno and Lehr acted outside the scope of their federal employment, "Plaintiff['s] subjective belief as to whether Defendants' conduct was within the scope of their employment is irrelevant because the language of the regulation makes clear it is for the Government to determine whether federal employees should receive representation." Rodriguez, 843 F. Supp. 2d at 100; see Heimberger v. Pritzker, No. 2:12-CV-01064, 2014 WL 1050341, at *6 (S.D. Ohio Mar. 17, 2014) and cases cited ("regardless of Plaintiff's subjective belief, or whether the Court has any doubts as to whether [Defendant]'s alleged pursuit of Plaintiff really was performed 'within the course and scope of his employment,' the United States may, at its discretion, provide representation for [the] Defendant"). The allegations at issue here pertain to conduct that largely occurred in the

course of a civil hearing over which Defendant Moreno presided and are related to Defendant Moreno's response to the Plaintiff's perceived conduct in connection with a litigation matter pending before the court.  Similarly, this case challenges actions undertaken by Defendant Lehr in her capacity as Plaintiff's supervisor at the USAO.  It was within the discretionary authority of the DOJ to conclude that these allegations sufficiently pertained to conduct within the scope of the Defendants' employment.  As discussed below, this court also concludes that it was within the DOJ's discretion to determine that representing the Defendants would serve the interests of the United States.

### Interests of the United States

Plaintiff argues that, as a general matter, the financial interests of the United States and the Defendants are not aligned, and thus providing representation to the Defendants would not serve the United States's interests.  He claims that DOJ representation of the Defendants is an "unlawful waste and misuse of public taxpayer funds."  (Docket No. 97 at 2-3).  As with determining the scope of federal employment, both the language of the regulation and existing case law remain very deferential to the DOJ's determination when reviewing whether representation is in the interests of the United States.  See 28 C.F.R. § 50.15(a); see also Al-Tamimi, 2016 WL 10655512, at*1 (holding that it is at the Attorney General's discretion to determine what is in the interest of the United States).  Within this context, this court cannot conclude that the Attorney General acted outside of his discretion in determining that representation of Defendants Moreno and Lehr would serve the interests of the United States.

A conflict of interest could be grounds to disqualify the DOJ's representation of Defendants Moreno and Lehr.  See, e.g., Kevlik, 724 F.2d at 845 (affirming order to disqualify

counsel based on a "potential breach of the attorney-client privilege, in derogation of a former client's rights, and in violation of Model Code of Professional Responsibility"). However, Plaintiff has not pointed to a specific unethical conflict of interest between Defendants and the United States. Rather, Plaintiff merely argues, as a general matter, that the government should not pay for the legal counsel of federal employees accused of misconduct. Plaintiff, as the moving party, bears the burden of proving a conflict exists. See ebix.com, Inc. v. McCracken, 312 F. Supp. 2d 82, 90-91 (D. Mass. 2004). Here, he failed to meet that burden. "The *potential* always exists that the interests of the Government will be at odds with those of the employee." Caramucci v. United States, 12 Cl. Ct. 263, 269 (1987) (emphasis in original). If potential conflict were sufficient grounds to disqualify counsel, it "would mean that private counsel would always be required and reimbursed, since the potential for conflict is always present. That result would be absurd . . . ." Id. Accordingly, this court concludes that there is no basis to disturb the DOJ's decision to represent Defendants Moreno and Lehr.

## IV. CONCLUSION

For all the reasons stated above, "Plaintiff's Motion to Disqualify Counsel of Record for Defendants Federico A. Moreno and Alison W. Lehr Pursuant to 28 C.F.R. 50.15(b)" is DENIED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge